# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| COLETTE RICK, etc., et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION 17-0330-WS-MU |
| | ) |
| TRUSTMARK NATIONAL BANK, etc., | ) |
| | ) |
| Defendant. | ) |

## ORDER

This matter is before the Court on the plaintiffs' motion to dismiss or, in the alternative to strike, the defendant's counterclaim. (Doc. 20). The parties have filed briefs in support of their respective positions, (Docs. 21, 24, 25), and the motion is ripe for resolution.

While the plaintiffs nominally seek dismissal of the counterclaim under Rule 12(b)(6), and while they identify what they believe to be the governing legal principles, (Doc. 21 at 3-4), they do not apply those principles or identify any manner in which the counterclaim is legally deficient. Accordingly, their motion to dismiss is **denied**.

The plaintiffs are the residual beneficiaries of a trust of which the defendant is trustee. The amended complaint asserts claims for breach of trust and removal of the defendant as trustee. (Doc. 11 at 7-11). The plaintiffs move to strike the counterclaim pursuant to Rule 12(f) on the grounds it is "redundant" with their claims and/or the defendant's affirmative defenses. (Doc. 21 at 4-7). The plaintiffs acknowledge the Court has "broad discretion" in resolving this motion. (*Id*. at 5).

The counterclaim contains a single count for declaratory relief. (Doc. 12 at 12-13). While the plaintiffs insist that, to the extent they lose in this litigation, the

defendant necessarily will obtain the relief its counterclaim seeks, the Court is not so sure. For example, the plaintiffs ask the Court to prohibit the defendant from using any monies associated with the trust to pay its attorney's fees and costs in defending this action. (Doc. 11 at 9). If the Court rules against the plaintiffs on this claim, all it can do is say the defendant is not prohibited from using trust assets to pay its attorney's fees and costs. The counterclaim, however, seeks more than that: it seeks "an award of the legal fees and costs" incurred in this action. (Doc. 12 at 13). Because the counterclaim seeks affirmative relief beyond the defeat of the plaintiffs' claim, it is not redundant.[1]

In their reply brief, the plaintiffs argue the counterclaim should be stricken because otherwise they will suffer "severe prejudice." Their theory is that the counterclaim seeks an award of attorney's fees and costs directly from them, even though the law does not permit a trustee to recover its attorney's fees and costs from the beneficiaries rather than from the trust. (Doc. 25 at 2-3). The Court has indicated that, in deciding how to exercise its broad discretion when the question of redundancy is close, it will take into consideration any articulated prejudice to the plaintiff from retaining the counterclaim. *Bank of Brewton*, 2013 WL 12155799 at *1. Here, however, the question of redundancy is not close. At any rate, having to defend a legally deficient counterclaim is not the sort of prejudice that could be relevant to a Rule 12(f) analysis. The proper response to a claim that

---

[1] To the uncertain extent the plaintiffs suggest the defendant's affirmative defenses render its counterclaim redundant, the same response applies: affirmative defenses may defeat the plaintiffs' claims, but they do not provide affirmative relief to the defendant.

The plaintiffs say the counterclaim's request for an award serves no useful purpose because the defendant could seek attorney's fees and costs under Rule 54(d) even if it did not demand such relief in the counterclaim. (Doc. 25 at 2). But the question is whether the counterclaim stands to achieve something beyond what would be achieved by defeat of the plaintiffs' claim, not whether it will achieve something unattainable by any other means. The plaintiffs' own authority for the "useful purpose" test makes this clear. (Doc. 21 at 5).

is legally deficient is a motion under Rule 12(b)(6) or Rule 56, not a motion under Rule 12(f).

As this Court has noted, "[s]triking a pleading on Rule 12(f) grounds is a drastic, disfavored remedy." *Odom v. Southeast Supply Header*, LLC, 2009 WL 1658961 at *1 (S.D. Ala. 2009). As this Court has also noted, "the safer course for the court to follow is to deny a request to dismiss a counterclaim for declaratory relief unless there is no doubt that it will be rendered moot by the adjudication of the main action." *Bank of Brewton v. Travelers Companies, Inc.*, 2013 WL 12155799 at *1 (S.D. Ala. 2013) (internal quotes omitted). Both principles argue against the plaintiffs' position.

For the reasons set forth above, the plaintiffs' motion to strike the defendant's counterclaim is **denied**.

DONE and ORDERED this 25th day of October, 2017.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE